BENJAMIN GUINNESS and Others, Plaintiffs, *v.* GUARANTY TRUST
COMPANY OF NEW YORK, Defendant.

Supreme Court, New York County, March 19, 1925.

**Contracts — action to recover back purchase price of wireless transfer of
German marks — defendant unable to perform contract by reason of
World War — plaintiffs may recover in action for money had and
received on theory of failure of consideration — right to sue for breach
of contract does not bar plaintiffs from maintenance of such action.**

Plaintiffs may recover, in an action for money had and received, the purchase
price of German marks which defendant agreed to transfer to plaintiffs' credit
in Germany by wireless, upon the theory of total failure of consideration,
where the defendant failed to perform the contract, notwithstanding the fact
that such failure was induced by war conditions which prevented the defendant
from making the transfer.

Though plaintiffs have a cause of action for damages or breach of contract, they
may elect to maintain an action for money had and received founded upon
total failure of consideration.

MOTION by defendant on minutes for a new trial.

*Stetson, Jennings & Russell* [*Theodore Kiendl* and *Clair B. Hughes*
of counsel], for the motion.

*Van Vorst, Siegel & Smith* [*Alexander B. Siegel* of counsel],
opposed.

CHURCHILL, J.:

In this case I directed a verdict for the plaintiffs and the defend-
ant moves on the minutes for a new trial.

The action is to recover back the purchase price of a wireless
transfer of German marks. Interruptions in the wireless service
prevented transmission at the time, and the war, which soon
followed, rendered transmission impossible. When plaintiffs learned,
after the termination of the war, that the contract had not been
performed, they demanded their money back. The demand was
refused and this action followed.

The chief ground of defense is an alleged change of position on
the part of defendant. It is said that marks were purchased at
prices prevailing when the contract was made, to offset commit-
ments in the sale of exchange, of which the sale to plaintiffs was
one. Defendant, without fault on its part, failed to effect the
transfers of credit bargained for. If it must now return the
purchase price paid for such transfers it will be left with large
sums in worthless marks on its hands. Hence, it is said, that
while plaintiffs may have a cause of action for damages for breach

of contract they may not maintain an action for money had and received founded upon the total failure of consideration.

I cannot assent to this argument. Defendant contracted to effect a transfer of credit, as it might have contracted to transfer bullion or merchandise. The difficulties and the risks incident to its obligation were of no concern to plaintiffs. The fact that it may have incurred expense or suffered loss in an ineffectual effort to perform is of concern only to itself. It cannot affect plaintiffs' rights. If it could, any defaulting contractor, who had expended moneys in commencing performance of his engagement, could resist a demand for the return of the consideration paid in advance, upon failure to complete his contract. There is no question of rescission involved, as has been shown by Mr. Justice BIJUR in *Bank of U. S.* v. *National City Bank* (123 Misc. 801).

Defendant rests its contentions largely upon expressions found in the opinion in *Gravenhorst* v. *Zimmerman* (236 N. Y. 22). But it was not there decided, or even said, that such a change of position as is here relied upon would defeat recovery. The same argument was made in that case as is now pressed in this. But the court was able to answer the argument by showing that the supposed change of position had not in fact occurred. Here the evidence is different and the question of fact might be debatable. I hold that the fact would be immaterial even though established.

The motion for a new trial is, therefore, denied.